# CIRCUIT COURT OF THE CITY OF ROANOKE

Jason Seligman

v.

Mason Cass,
Bryant Cass,
Chris Coleman,
Christian Lovern,
and Adventis, Inc.

October 16, 2006

Case No. CL06000760-00

BY JUDGE CHARLES N. DORSEY

This matter is before the court on the defendant Adventis. Inc.'s request for declaratory relief. For the following reasons, the defendant's request is denied.

*Facts*

The plaintiff, Jason Seligman, and the defendants, Mason Cass, Bryant Cass, Chris Coleman, and Christian Lovern, were shareholders of Adventis, Inc., a Virginia corporation headquartered in the City of Roanoke. Seligman, and both of the Casses, who are brothers, owned 1,000 shares in Adventis. Coleman and Lovern, who are employees of Adventis, Inc., each were issued 50 shares in late 2005. The board of directors of Adventis, Inc., consisted of the Cass brothers and Roland Pieterman, who is also counsel.

In late 2002, a dispute arose between the Casses and Seligman regarding the operation of Adventis, Inc., Adventis' termination of Seligman's employment with the corporation, and the appropriate distribution of Adventis' funds. As a result of the dispute, Seligman filed a bill of complaint

in this Court seeking injunctive relief and the appointment of a custodian. In return, the Casses filed a cross-bill. In March 2003, after lengthy settlement discussions, the parties reached an agreement.

Among the many terms of the settlement agreement, both the Casses and Seligman agreed that they would provide each other "a right of first refusal to buy their stock in Adventis for the same price as they may agree to sell it to any third party, including each other." *See* Settlement Agreement of 3/26/03 at ¶ 17.

The Casses, Coleman, and Lovern, who have 2,100 of the 3,100 outstanding shares in Adventis, Inc., formed a corporation named Adventis Acquisitions, Inc. The members of the board of directors of Adventis, Inc., the Casses and Pieterman, entered into an Agreement and Plan of Share Exchange with Adventis Acquisitions, Inc., which was subject to approval by a super-majority of the shareholders of Adventis, Inc., whereby Adventis Acquisitions would issue shares to the shareholders of Adventis, Inc., in exchange for all of its outstanding shares, making it a wholly owned subsidiary. On March 29, 2006, Adventis, Inc., sent all of its shareholders notice of a special meeting of shareholders scheduled for April 27, 2006, to consider and vote upon a proposed share exchange between Adventis, Inc., and Adventis Acquisitions, Inc.

Seligman immediately objected to the proposal on April 6, 2006, and notified the Casses that he wished to exercise his right of first refusal under the settlement agreement. He also preserved any and all rights available under the law as to the share exchange. He filed suit, alleging breach of contract, and seeking specific performance and an injunction. This court held that the right of first refusal did not apply to share exchanges and denied the request for injunction and specific performance on May 30, 2006.

On June 7, 2006, the shareholders of Adventis, Inc., approved the share exchange. The exchange became effective on June 9, 2006. On June 12, 2006, Adventis, Inc., notified its shareholders that no shareholders had effectively asserted their appraisal rights, and thus every share of Adventis had been converted to redeemable common shares of Acquisition. Seligman sent a July 11, 2006, letter, accompanied by a form demanding payment, certifying that he met the requirements of Va. Code § 13.1-733.

Defendant, Adventis, Inc., moved for declaratory relief in July 2006. Adventis, Inc., asserts that the Plaintiff, Jason Seligman, by (1) failing to deliver his notice to Adventis, Inc., prior to the June 7, 2006, Adventis, Inc. shareholder's vote and (2) by failing to specify his intent to demand payment prior to that vote, failed to effectively assert his appraisal rights with Adventis, Inc., as required by § 13.1-733 of the Virginia Code, and thus is not entitled to

payment for his shares. This raises the following question: Did Seligman's letters mailed to the residences of Bryant Cass and Mason Cass and their attorney, Roy R. Morris, assert his appraisal rights as required by Virginia Code?

## Analysis

Section 13.1-730(A)(2) of the Virginia Code grants appraisal rights to certain shareholders. Subsection (A) of § 13.1-733 of the Code requires that "a shareholder who wishes to assert appraisal rights shall deliver to the corporation before the vote is taken written notice of the shareholder's intent to demand payment if the proposed action is effectuated." Subsection (B) of § 13.1-733 further adds that "[a] shareholder who does not satisfy the requirements of subsection A is not entitled to payment under this article."

Seligman did not send notice to the corporation by name. The proxy statement stated that all written demands for appraisal rights should be sent to Bryant Cass in his capacity as president at Adventis, Inc.'s office in Roanoke. The applicable code section states only that a shareholder shall deliver notice to the corporation. The section does not elaborate on what is effective notice to the corporation. Seligman mailed notices to the Cass brothers, who were both officers and directors of the corporations, at their residences. As noted, the proxy statement required demand for appraisal rights to be sent to Bryant Cass, which Seligman did. Both notices were received and put both Bryant Cass and Mason Cass, and the corporation itself, on notice that Seligman dissented to the share exchange.

Seligman's letters dated April 6, 2006, notified Adventis, Inc., of his dissent of the share exchange. Although he did not specifically demand payment, he preserved any and all rights available under the law. Stating his dissent and preserving all rights available to him constitutes notice to Adventis, Inc., that, if the action was effectuated and if Seligman was not allowed to exercise his right of first refusal as he had requested, then Seligman asserted his right to payment pursuant to his appraisal rights.

There is no question that Adventis, Inc., was well aware Seligman dissented to this share exchange. Denying appraisal rights in this situation contravenes the language of the statute and is prejudicial and unfair to Seligman. The code provisions cited above should not be construed in a way that would unfairly prejudice a shareholder such as Seligman, who made a good faith effort to give proper notice, and which notice was actually received by the corporation through its principals, officers, and directors.

For these reasons, Seligman's letter of April 6, 2006, constituted proper notice to the corporation. Therefore, defendant's request for declaratory relief is denied.